Lauriat, J.
The plaintiff, Charles H. Barbour, Jr. (“Barbour”), filed this action against Frank Stanton, Joseph Stanton (collectively, “the Stantons” or “the sellers”), and Michael Tkachuk and Haralambos Katsikis (“the trustees”), as trustees of SLA Realty Trust (“the Trust”). Barbour asserts claims for specific performance (Count I), breach of contract (Count II), interference with contractual relations (Count III), and violation of G.L.c. 93A, § 11 (Count IV). The claims arise from the failed sale of property in Tewksbury, Massachusetts, by the Stantons to Barbour, and a subsequent sale of the property by the Stantons to the Trust.
The trustees, pursuant to G.L.c. 184, §15(c), have filed a special motion to dismiss the counts of the complaint that pertain to the Trust. For the following reasons, their motion is allowed.
BACKGROUND
The pleadings reveal the following relevant facts. On June 25, 2003, Barbour and the Stantons executed a Purchase and Sale Agreement (“the P&S Agreement”) in which the Stantons agreed to sell a single-family home at 17 Martin Road, Tewksbury, Massachusetts, to Barbour. The P&S Agreement contained the following relevant provisions:
7. The agreed purchase price for said property is Eighty Thousand Dollars and no cents ($80,000), payable as follows:
$ 5,000.00 Attorney’s escrow account upon fully executed P&S agreement
$75,000.00 To be paid at closing to conveyancing attorney
$80,000.00
The SELLER’S [sic] agree that the sale proceeds may be held in escrow following the closing, for a reasonable period of time, until the deed can be recorded in the appropriate Registry of Deeds.
8. The deed shall be delivered on or before November 1, 2003 at 2 p.m. at the appropriate Registry of Deeds or at BUYER’S attorney’s office. It is agreed that time is of the essence in the transaction.
10. If the SELLER’S [sic] shall be unable to give title, make conveyance, or deliver possession of the premises free of tenants and occupants, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, as the case may be, in which event the time for performance hereof shall be extended for a period of thirty (30) days.
On July 11, 2003, the Stantons’ attorney, Michael Newhouse (“Newhouse”), sent a letter to Barbour stating that the P&S Agreement was null and void because Barbour had failed to provide the Sellers with the $5,000 deposit upon receipt of the fully executed P&S Agreement and that his clients did not wish to continue negotiations for sale of the property.
Barbour recorded the P&S Agreement at the Middlesex North Registry of Deeds on September 12,2003. On February 25, 2004, the Stantons transferred the property by quitclaim deed to the Trust for $140,000.
Barbour filed this action seeking to enforce the P&S Agreement on April 20, 2004. On May 20, 2004, he filed a motion for approval of a lis pendens in this court. The motion was denied after hearing. Barbour v. Stanton, Civil Action No. 2004-01678-L (June 18, 2004) (McEvoy, J.).
DISCUSSION
A special motion to dismiss “shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds.” G.L.c. 184, § 15(c).
The trustees argue that, pursuant to G.L.c. 184, §17A, the Trust is not subject to claims arising from enforcement of the P&S Agreement because the P&S Agreement has no effect on it as a bona fide purchaser. Barbour asserts that the Trust is not a bona fide purchaser because the trustees had actual notice of the P&S Agreement and Barbour’s interest in the property, and had notice of this action.
General Laws c. 184, §17A provides:
No agreement for the purchase and sale of real estate which is recorded shall have any effect as against persons other than the parties thereto after the expiration of a period of ninety days from the date provided for deliveiy of the deed by such agreement, or by such agreement as extended . . . unless prior to the expiration of such period an action of suit shall have been commenced to enforce such agreement and a memorandum like that described in section fifteen shall have been recorded in said registry of deed . . . (emphasis added).
Pursuant to §17A, the P&S Agreement is not enforceable against the Trust because the Trust was not a party to the P&S Agreement and more than ninety days elapsed between the time the agreement specified for delivery of the deed on November 1, 2003, and the time Barbour filed this action to enforce his rights under the P&S Agreement on April 20, 2004.[1]
Barbour argues that, pursuant to G.L.c. 184, §15, he did not need to record a memorandum giving notice that an action had been commenced because the Trust had actual notice of the suit from correspondence between Barbour’s and the sellers’ lawyers. Section 15 provides:
*294 A w[r]it of entry or other proceeding that affects the title to real property . . . shall not have any effect except against the parties thereto, their heirs and devisees and persons having actual non-record notice thereof, until a memorandum containing the names of the parties to the proceeding, the court in which it is pending, the date of the writ or other commencement thereof, the name of the town where the real property liable to.be affected thereby lies and a description of the real property sufficiently accurate for identification is recorded in the registry of deeds for the county or district where the real property lies . . . (emphasis added).
Barbour, however, has not alleged facts supporting his allegation that the Trust had actual notice of the suit.
Initially, the court notes that since the action was not filed until April 20, 2004, any notice the trustees could have had would be notice of a threatened action to enforce rights under the P&S Agreement, not an actual judicial proceeding. Both section 15 and section 17A apply to actual, pending actions, and neither section mentions “threatened litigation.” See G.L.c. 184, §15 (“No recorded affidavit or other recorded instrument . . . suggesting that the proceeding has been commenced shall have any effect on the title to real property nor provide any notice thereof, constructive or actual. . .”); see also G.L.c. 184, §17A (“. . . an action of suit shall have been commenced . . .”).
Barbour cites a November 25, 2003, letter from his former attorney, Raymond Paczkowski, to Newhouse, stating that “both sides will maintain the status quo until you have an opportunity to deal with the Commonwealth,” in support of his assertion that the trust had actual notice of his impending action. It is unclear from the contents of this letter what the “status quo” is or what agreement the parties may have reached. The letter does not mention pending litigation, nor does it indicate that any action has been filed. Notably, it is dated more than five months before the filing of the present action. The letter does not support Barbour’s assertion that the trust had actual knowledge of his threatened action.
Barbour also claims that Newhouse is a successor trustee for the Trust and that this relationship requires that his knowledge of the threatened suit be imputed to the Trust. Barbour incorrectly cites Flynn v. Wallace, 359 Mass. 711, 717-18 (1971), in support of this proposition. In Flynn, the court held that a real estate broker owes a duty to his principal to disclose material information and that notice to an agent is imputed to the principal. Id. at 718. This case differs from Flynn. Barbour has not alleged that Newhouse was an agent for the Trust during its dealings with the Stantons. Barbour has not even alleged that New-house was a trustee of the Trust at the time of the sale; rather, he claims only Newhouse would become a trustee upon the death or incapacity of Tkachuk or Katsikis. This tenuous relationship cannot require that Newhouse’s knowledge be imputed to the Trust.
Because Barbour did not file this action with ninety days of the deed delivery date, and because the Trust had no knowledge of the impending action, his claims against the Trust must be dismissed.
ORDER
For the foregoing reasons, the defendants’ Special Motion to Dismiss is ALLOWED, and Counts I, III and IV against Michael Tkachuk and Haralambos Katsikis, as trustees for SLA Realty Trust, are DISMISSED.

Even if, as the plaintiff asserts, the deed delivery date was extended to December 1, 2003, pursuant to paragraph 10 of the P&S Agreement, the filing date of this action is beyond the ninety-day -window. Moreover, the plaintiff has attached nothing to his Amended Complaint to substantiate his claim that the P&S Agreement had been extended, nor has he alleged that the sellers were unable to give title.